J-S29018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMIR PRICE | : | |
| | : | |
| Appellant | : | No. 2372 EDA 2019 |

Appeal from the PCRA Order Entered August 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001148-2017

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                         **FILED JULY 22, 2020**

Appellant Samir Price appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that the PCRA court erred by denying his petition to reinstate his direct appeal rights *nunc pro tunc* after the Commonwealth allegedly breached a term of the negotiated plea agreement.  We affirm.

The underlying facts of this matter are well known to the parties.  Briefly, Appellant was charged with murder and related offenses after he shot a fourteen-year-old victim in the spine during a robbery.  On May 30, 2018, Appellant entered a negotiated guilty plea to third-degree murder and two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

violations of the Uniform Firearms Act (VUFA).[2] In exchange, the Commonwealth agreed to withdraw the remaining charges and recommend a sentence of twenty five to fifty years' incarceration. *See* Written Guilty Plea Colloquy, 5/30/18, at 1. Ultimately, the trial court accepted Appellant's plea and imposed the agreed-upon sentence. Appellant did not file post-sentence motions or a direct appeal.

On February 25, 2019, the PCRA court docketed Appellant's timely *pro se* PCRA petition. Therein, Appellant argued that trial counsel was ineffective for (1) advising him to enter a guilty plea; (2) promising "the release of [his] valued cell phone from [the] district attorney upon acceptance of a guilty plea;" and (3) failing to file a requested direct appeal. *Pro Se* PCRA Pet., 2/25/19, at 4. The PCRA court appointed counsel (PCRA counsel), who filed a **Turner**/**Finley**[3] no merit letter addressing Appellant's claims relating to his guilty plea and requesting to withdraw from representation. Appellant did not file a response to the **Turner**/**Finley** letter.

Before addressing PCRA counsel's **Turner**/**Finley** letter, the PCRA court scheduled an evidentiary hearing to resolve the issue of whether trial counsel abandoned Appellant during the thirty-day direct appeal period.[4] At the

---

[2] 18 Pa.C.S. §§ 2502(c), 6106(a)(1), and 6108, respectively.

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Specifically, the PCRA court indicated that it "reviewed [PCRA counsel's] no merit letter and [the court] determined that [it] would need to have an evidentiary hearing to determine or to take evidence on [Appellant's] claim

hearing, PCRA counsel stated that Appellant was "withdrawing the claim for ineffectiveness as it relate[d] to [trial counsel] abandoning him during the [appeal] period." N.T. PCRA Hr'g, 8/12/19, at 5. PCRA counsel explained that Appellant was "essentially conceding that he did not ask [trial counsel] to file an appeal on his behalf." *Id.* The PCRA court then proceeded to address Appellant's claims that trial counsel unlawfully induced him to plead guilty and that trial counsel was ineffective for telling Appellant that he would get his phone back if he did not file a direct appeal. *Id.* at 15-16. PCRA counsel reiterated his conclusion that Appellant's claims were meritless. *Id.*

At the conclusion of the hearing, the PCRA court dismissed Appellant's PCRA petition. PCRA counsel indicated that because he "drafted a *Finley* letter and found no merits," he could not represent Appellant on appeal. *See* N.T. PCRA Hr'g at 61. The trial court removed PCRA counsel and subsequently appointed current counsel, who filed a timely notice of appeal on Appellant's behalf. The trial court issued a Pa.R.A.P. 1925(a) opinion summarizing its findings from the evidentiary hearing and addressing the claims raised by Appellant in his *pro se* PCRA petition.[5]

On appeal, Appellant raises the following issue:

---

whether or not trial [counsel] was ineffective for abandoning Appellant . . . for purposes of appeal." N.T. PCRA Hr'g, 8/12/19, at 4.
[5] The trial court did not order Appellant to file a Rule 1925(b) statement.

Whether the PCRA court erred and abused its discretion when the court dismissed the PCRA petition and did not reinstate Appellant's appellate rights *nunc pro tunc*.

Appellant's Brief at 5.[6]

In support of his claim, Appellant argues:

[Appellant] and the Commonwealth entered into an oral agreement. The prosecutor told [trial] counsel that, if [Appellant] did not pursue a direct appeal, the Commonwealth would return a cell phone, which it had confiscated. Appellant accepted the Commonwealth's offer and performed his duty—he did not file a direct appeal. The Commonwealth did not fulfill its promise and return the phone.

As a result of the Commonwealth's failure to perform, *i.e.*, its breach, [Appellant] acted promptly and timely filed a *pro se* PCRA petition, which sought the equitable remedy of reinstatement of his rights of direct appeal, *i.e.*, rescission. Rescission was the proper remedy, because it would restore the parties to their original position.

Appellant's Brief at 13.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

---

[6] The Commonwealth did not file a brief.

It is well settled that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Santiago*, 980 A.2d 659, 666 n. 6 (Pa. Super. 2009) (citations omitted, some formatting altered); *see also* Pa.R.A.P 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Here, Appellant's instant claim is distinct from the issues that he raised in his *pro se* PCRA petition and at the evidentiary hearing. In his *pro se* PCRA petition, Appellant claimed that trial counsel was ineffective for promising that the Commonwealth would return Appellant's cell phone if he pled guilty. *See Pro Se* PCRA Pet. at 3-4. At the evidentiary hearing, Appellant stated that trial counsel advised him to refrain from filing a direct appeal in order to ensure the Commonwealth's timely return of his phone. *See* N.T. PCRA Hr'g at 7.

Here, however, Appellant claims that the Commonwealth breached a term of the negotiated plea agreement by failing to return his cell phone. This issue is distinct from Appellant's prior claims of trial counsel's ineffectiveness in connection with his decision to file a direct appeal. *Compare* 42 Pa.C.S. § 9543(a)(2) (enumerating cognizable issues under the PCRA, including ineffective assistance of counsel) *with Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa. Super. 2019) (stating that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." (citations

- 5 -

omitted)). Therefore, because Appellant raises his instant claim for the first time on appeal, it is waived. **See** Pa.R.A.P. 302(a); **see also Santiago** 980 A.2d at 666 n. 6.

In any event, even if properly preserved, Appellant would not be entitled to relief. In its Rule 1925(a) opinion, the PCRA court found that trial counsel testified credibly regarding the circumstances surrounding the plea. **See** Trial Ct. Op. at 3. Specifically, the PCRA court noted that "the cell phone was not part of the negotiated plea deal, and if it had been, trial counsel would have ensured it was made part of the written guilty plea colloquy form." **Id.** Further, our review of the record confirms that the written plea agreement did not contain any terms relating to the return of Appellant's cell phone, nor was there any indication that Appellant waived his right to file a direct appeal. **See** Written Guilty Plea Colloquy, 5/30/18, at 1-6. Therefore, because the trial court concluded that the return of Appellant's phone was not part of the parties' plea agreement, Appellant would not be entitled to relief on this basis. **See Kerns**, 220 A.3d at 613 (reiterating that when an alleged term is part of the parties' plea agreement, the defendant is entitled to "the benefit of his bargain through specific performance").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _7/22/2020_